[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10341
_____

Agency No. 12-CA-096026


EVERGLADES COLLEGE, INC.,
d.b.a. Keiser University,
d.b.a. Everglades University,

Petitioner-Cross Respondent,

versus

NATIONAL LABOR RELATIONS BOARD,

Respondent-Cross Petitioner,

LISA K. FIKKI,

Intervenor-Respondent.

_____

Petitions for Review of a Decision of the
National Labor Relations Board
_____

(June 26, 2018)

Before MARTIN and HULL, Circuit Judges, and RESTANI,[*] Judge.

HULL, Circuit Judge:

In 2015, a three-member panel of the National Labor Relations Board ("NLRB") concluded that Everglades College, Inc. ("Everglades") violated the National Labor Relations Act by (1) maintaining and enforcing an employment agreement that required its employees to individually arbitrate employment-related claims and that waived its employees' rights to file class or collective action lawsuits against Everglades; (2) maintaining and enforcing an employment agreement that caused Everglades employees to reasonably believe that they were prohibited from filing unfair labor charges with the NLRB; and (3) unlawfully discharging one of its employees, Lisa K. Fikki, for refusing to sign its unlawful employment agreement.  Everglades petitioned this Court to review the NLRB panel's order, and the NLRB filed a cross-application for enforcement of the NLRB panel's order.  Fikki also filed a motion to intervene in the case, which this Court granted.

After careful review, and with the benefit of oral argument, we (1) deny the NLRB's cross-application for enforcement, (2) grant Everglades' petition for review, and (3) reverse in part and remand in part the NLRB panel's order as set forth in this opinion.

_____

[*]Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

2

## I.  BACKGROUND

### A.  Factual History

On July 13, 2008, Lisa Fikki began working as a graduate admissions counselor for Everglades, a private, non-profit university in Fort Lauderdale, Florida.  In early 2009, Everglades decided to implement mandatory arbitration as part of its personnel policies and procedures and required its existing employees, including Fikki, to sign a document titled, "Confidentiality, Non-Solicitation, and Arbitration Agreement."  Fikki signed this agreement in 2010.

In late 2011, Everglades did away with its paper employment agreements and adopted electronic personnel records for all of its employees, which included an electronic document setting forth employment terms and containing an arbitration clause.  On June 15, 2012, Everglades sent an email to all of its employees requiring them to complete a "re-boarding" process in order for Everglades to move all of its personnel files to an electronic format.  Everglades' e-mail asked all existing employees to complete the re-boarding process within one week, by June 22, 2012.  The re-boarding process required employees, among other things, to sign an arbitration agreement, which included the following class- or collective-action waiver and required that employment disputes be resolved exclusively through individualized arbitration rather than court litigation, as follows:

3

Arbitration of Claims. Any controversy or claim arising out of or relating to Employee's employment, Employee's separation from employment, and this Agreement, including but not limited to, claims or actions brought pursuant to federal, state or local laws regarding payment of wages, tort, discrimination, harassment and retaliation, except where specifically prohibited by law, shall be referred to and finally resolved exclusively by binding arbitration in Fort Lauderdale, Florida, in accordance with the Employment Law Arbitration Rules of the American Arbitration Association, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.  Notwithstanding the above, Employee agrees that there will be no right or authority, and hereby waives any right or authority, for any claims within the scope of this Agreement to be brought, heard or arbitrated as a class or collective action, or in a representative or private attorney general capacity on behalf of a class of persons or the general public.  Filing and arbitration fees shall be in accordance with the arbitration rules and any applicable laws.  The arbitrator shall have the authority to apportion the filing fee and costs of arbitration with the presumption that the prevailing party shall be entitled to recover all legitimate costs.  Unless provided by statute to the contrary, each party shall bear its/his/her own attorneys' fees.

On June 21, 2012, Fikki responded to Everglades' email, asking if she could print the re-boarding documents and have them reviewed.  Everglades agreed to Fikki's request but reminded Fikki of the June 22, 2012 re-boarding deadline and asked her to notify Everglades if she needed more time.

On June 26, 2012, Everglades sent Fikki (and two other Everglades employees) an email, asking them again to complete the re-boarding process given the June 22, 2012 deadline.  Fikki replied that she needed more time to review the documents.

4

On June 27, 2012, Everglades held mandatory meetings for those employees who had not yet completed the re-boarding process. During the meetings, Fikki told Everglades officials that she wanted to obtain legal advice regarding the documents. Dr. Arthur Keiser, Everglades' Chancellor, told Fikki that she could have more time to complete the re-boarding process so long as she could verify by June 29, 2012 that she had scheduled an appointment with an attorney.

Fikki contacted an attorney on June 27, 2012, seeking review of the re-boarding documents. On June 29, 2012, Fikki provided Everglades with a letter from the attorney stating that Fikki was scheduled to meet with the attorney, but that the attorney could not meet until July 18, 2012.

That same day, on June 29, Everglades sent an email to Fikki and other employees who had not finished their re-boarding process, notifying them that the re-boarding deadline had been extended to July 10, 2012. Fikki, however, failed to complete the re-boarding process by July 10 as her attorney was unavailable to meet until July 18.

On July 12, 2012, Everglades discharged Fikki for failure to complete the re-boarding process.

## B. Procedural History

On January 9, 2013, Fikki filed an unfair labor practice charge against Everglades with the National Labor Relations Board ("NLRB"). Fikki claimed

5

that Everglades improperly discharged her for failing to sign "an unlawful mutual arbitration agreement" and "for engaging in protected, concerted activities."  On February 27, 2013, Fikki filed an amended unfair labor practice charge, again alleging that Everglades unlawfully discharged her because she failed to execute a mutual arbitration agreement.  Fikki also claimed that the mutual arbitration agreement deprived her of her rights under Section 7 of the National Labor Relations Act ("NLRA").  On March 28, 2013, the NLRB's General Counsel filed a complaint against Everglades on Fikki's behalf.

The complaint advanced three claims, alleging that Everglades violated § 8(a)(1) of the NLRA by (1) requiring its employees, as a condition of employment, to sign a class- or collective-action waiver (in the arbitration agreement); (2) maintaining arbitration agreements, including Fikki's arbitration agreement, that would cause its employees to reasonably believe that they were barred or restricted from filing unfair labor practice charges with the NLRB; and (3) discharging Fikki for failing to sign the arbitration agreement as part of the re-boarding process.

On August 14, 2013, an NLRB administrative law judge ("ALJ") ruled in favor of the NLRB on all three counts.  First, the ALJ found that Everglades' employment agreement violated the NLRA by requiring its employees to waive their right to file class or collective action lawsuits against Everglades concerning

6

employment-related disputes.  Second, the ALJ ruled that Everglades unlawfully maintained an employment agreement that its employees would reasonably construe as restricting their rights to file unfair-labor-practice charges with the NLRB.  In making this finding, the ALJ relied on the standard set forth in Lutheran Heritage Village-Livonia, 343 N.L.R.B. 646 (2004).  Third, the ALJ found that Everglades unlawfully discharged Fikki for refusing to sign its unlawful employment agreement.

Everglades filed an exception to the ALJ's decision, seeking review before a three-member panel of the NLRB.  On December 23, 2015, the NLRB panel issued a Decision and Order affirming the ALJ's findings and conclusions and adopting her recommended order.  Everglades College, Inc., 363 N.L.R.B. No. 73 (Dec. 23, 2015).

On January 27, 2016, Everglades filed a petition for review of the NLRB panel's Decision and Order.  On February 12, 2016, the NLRB filed a cross-application for enforcement of the panel's Decision and Order.  On February 16, 2016, Fikki filed a motion to intervene in the case, which this Court granted on March 15, 2016.

7

## II.  DISCUSSION

### A.  First Claim: Collective Action

After the NLRB panel issued its Decision and Order, the Supreme Court decided Epic Systems Corp. v. Lewis, which forecloses the NLRB's first claim against Everglades.  584 U.S. __, 138 S. Ct. 1612 (2018).  Epic Systems concerned whether employer-employee agreements that contain class- and collective-action waivers and stipulate that employment disputes are to be resolved by individualized arbitration violate the NLRA.  Id. at __, 138 S. Ct. at 1619–21, 1632.  The Supreme Court held that such employment agreements do not violate the NLRA and that the agreements must be enforced as written pursuant to the Federal Arbitration Act.  Id. at __, 138 S. Ct. at 1619, 1632.  In light of Epic Systems, we grant Everglades' petition for review and reverse the NLRB panel's ruling insofar as it held that Everglades violated the NLRA by maintaining and enforcing an employment agreement requiring that employment disputes be resolved through individualized arbitration.

### B.  Second Claim: Prohibiting Unfair Labor Charges

The NLRB panel's ruling as to the NLRB's second claim cannot stand, either.  After the NLRB panel issued its Decision and Order, the NLRB refashioned its test for determining whether an employer's allegedly facially neutral policy, such as the arbitration provision, would reasonably lead an

8

employee to believe that she could not file an unfair labor charge with the NLRB. See The Boeing Co., 365 N.L.R.B. No. 154 (Dec. 14, 2017) (abandoning the "reasonably construe" standard set forth in Lutheran Heritage Village-Livonia and establishing a new standard). The NLRB made this new standard retroactive. Id. at 17.

Applying this new standard to Everglades' employment agreement could result in a different ruling. Thus, we vacate the NLRB panel's ruling as to the NLRB's second claim and remand it to the NLRB so that it can apply the new standard set forth in The Boeing Co. and any other relevant law. Mercedes-Benz U.S. Int'l, Inc. v. Int'l Union, UAW, 838 F.3d 1128, 1134 (11th Cir. 2016) ("[A]n administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained." (quoting SEC v. Chenery Corp., 318 U.S. 80, 95, 63 S. Ct. 454, 462 (1943))).

## C.  Third Claim: Unlawful Discharge

Consequently, we also vacate the NLRB panel's ruling as to the third claim advanced by Fikki and the NLRB—that Everglades unlawfully discharged Fikki for refusing to sign an unlawful employment agreement—and remand it as well. The NLRB panel found that Everglades' employment agreement was unlawful for two, independent reasons: (1) it forced Everglades' employees to waive their right to file class- or collective- action lawsuits against Everglades and (2) Everglades'

9

employees would reasonably construe the agreement as prohibiting them from filing unfair labor charges with the NLRB.  Everglades College, 363 N.L.R.B. No. 73 at 1.  As explained above, and given Epic Systems, we reverse as to the NLRB's first reason.  However, in light of the new standard set forth in The Boeing Co., we vacate and remand as to the NLRB's second reason.

## III.  CONCLUSION

We deny the NLRB's cross-application for enforcement of the NLRB panel's order.  We grant Everglades' petition for review and reverse the NLRB's order as to claim one and vacate and remand as to claims two and three.

**NLRB'S CROSS-APPLICATION FOR ENFORCEMENT DENIED; EVERGLADES' PETITION FOR REVIEW GRANTED AND THE NLRB PANEL'S ORDER IS REVERSED IN PART AND REMANDED IN PART.**